UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JEROME CURTIS,        ) | | |
|     Plaintiff,        ) | | |
|         ) | | |
| v.        ) | CAUSE NO. 1:17-CV-234-TLS-PRC | |
|         ) | | |
| NIRAV D. SHAH,        ) | | |
|     Defendant.        ) | | |

## OPINION AND ORDER

This matter is before the Court on a Petition to Seal [DE 1], filed *ex parte* by Plaintiff Jerome Curtis on May 31, 2017. On the same date, Curtis also filed an *ex parte* Motion to Proceed *In Forma Pauperis* [DE 2].

Northern District of Indiana Local Rule 5-3 provides, "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "The public has a legitimate interest in the record compiled in a legal proceeding because the public pays for the courts," but this interest may be overridden "if there is good cause for sealing part of the record." *Forst v. Smithkline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999)). "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin*, 439 F.3d at 348. A litigant must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cnty Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 547 (7th Cir. 2002); *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). In

*Hicklin*, the Seventh Circuit Court of Appeals reminded that it has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." 439 F.3d at 348 (internal citations omitted).

Curtis states that "[t]his Bill in Equity concerns extraordinary matters of a[n] express trust, its trust documents being special and private, restricted and confidential, proprietary and privileged to be seen only by the Chancellor in Camera," and "[t]his Bill in Equity is to be sealed at the demand of the Orator, to be filed and heard by the Chancellor in Camera to the exclusion of the public and the press, not to be reviewed on any public website, government or private, including 'Pacer,' and never to be for publication." (Pet. at 1, ECF No. 1). Curtis argues that proceeding in this matter *ex parte* would protect the interests of all parties, not commingle his rights with the privileges of "enemies," secure his due process rights, and keep the public from being alarmed.

Curtis's reasons for seeking to litigate his case *ex parte* and under seal do not overcome the presumption that litigation should be done in public. The public interest would not be protected if Curtis's petition were granted. Curtis provides no reason to believe that his rights would be commingled or not secured if he were made to litigate in public. Further, Curtis has pointed to no authority saying that alarm to the public is a reason to withdraw litigation from the public view. Even if this is a proper consideration, based on the statement of the case as presented in the Petition, the probability of the public being alarmed is minimal. Curtis has identified no authorizing statute, Court rule, or Court order that would permit this case to be maintained under seal or that would permit the filed documents to be maintained *ex parte*. Curtis has not justified his claim of secrecy.

There is no good cause to maintain this case under seal or to maintain Docket Entries 1 and 2 *ex parte*.

Therefore, the Court hereby **DENIES** the Petition to Seal [DE 1]. The Court **DIRECTS** the Clerk of Court to **UNSEAL** this cause of action and to **REMOVE** the *ex parte* designation from Docket Entries 1 and 2.

So ORDERED this 2nd day of June, 2017.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: Plaintiff Jerome Curtis, *pro se*.