# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEROME CURTIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-234-TLS |
| | ) |
| NIRAV D. SHAH, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This Matter before the Court is on the Plaintiff Jerome Curtis' Complaint [ECF No. 6] and Motion for Leave to Proceed in forma pauperis [ECF No. 7], both filed on July 24, 2017.

On March 31, 2017, the Plaintiff filed a "Bill in Equity" [ECF No. 1], Petition to Seal [*Id.*], and corresponding notice to the Clerk of the Court [*Id.*] on May 31, 2017. He also filed a Motion to Proceed in forma pauperis [ECF No. 2] on the same date. On June 2, 2017, the Magistrate Judge in an Opinion and Order [ECF No. 3] denied the Plaintiff's Petition to Seal. On June 12, the Plaintiff filed a new Petition to Seal [ECF No. 4]. In his Bill in Equity, the Plaintiff claimed to be a "a non-survey, non-quasi-trustee, Private American National Citizen of the United States, whose private individual citizenship status is protected by Section one of the Fourteenth Amendment to the Constitution of the United States." Inferring from this, it appeared he claimed to be a "sovereign citizen." Because the Plaintiff did not submitted a complaint, his Bill in Equity was struck, and his Motion to Proceed in forma pauperis was denied [ECF No. 5].

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

Though the Plaintiff has now filed a complaint, he has not stated a cause of action. In the Complaint, Mr. Curtis states that the Defendant did not perform or respond to a "private expressed trust." (Compl. 2, ECF No. 6.) In the preceding paragraphs, the Plaintiff again uses language about his rights as a sovereign citizen. As the Court stated in its prior Order, self-proclaimed sovereign citizens "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction." *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014). The Seventh Circuit has "repeatedly rejected such claims." *Bey v. Indiana*, 847 F.3d 559, 560 (7th Cir. 2017).

The Defendant has not been provided notice as to what the claims are and the grounds on which they rest. "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Standard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011). The Plaintiff's Complaint is also deficient because it does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011).

The Plaintiff's Complaint is dismissed and his request to proceed without prepayment of fees is denied. The Court does not see how the Plaintiff in an amended complaint could set forth facts sufficient to state a cause of action that is plausible on its face. "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Id.* (citing *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir.

1994)). The Plaintiff has already been granted one opportunity to submit a proper complaint, and it has proven futile. Accordingly, the Court denies the Motion to Proceed In Forma Pauperis and dismisses the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** the Complaint [ECF No. 6] and **DENIES** the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 7].

SO ORDERED on August 3, 2017.

                                        s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT